IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE NEVAREZ,

      Plaintiff,

v.                                              No. CIV 09-0677 MCA/ACT

JOE WILLIAMS, SECRETARY OF CORRECTIONS
FOR THE STATE OF NEW MEXICO,
MIKE HEREDIA WARDEN FOR SOUTHERN
NEW MEXICO CORRECTIONAL/POU LEVEL II,
LAWERENCE NILLO DR. MD,
CMS,
MAUREEN BIXENMAN P.A.,
WEXFORD HEALTH SOURCES, INC.,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed the complaint, but he has been released. He appears pro se and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff suffers from chronic symptoms from a back injury that he incurred before he was incarcerated. During his confinement, certain Defendants allegedly failed to provide proper treatment or evaluation of his condition. As a result, he continued to suffer significant pain, and he also reinjured himself while cleaning his area. Plaintiff contends that Defendants' actions violated his constitutional protections. The complaint seeks injunctive relief and damages.

No relief is available on Plaintiff's claims against Defendants Williams, Heredia, Nillo, CMS, or Wexford Health Sources, Inc. The complaint contains no factual allegations against these Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("to present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*.") (internal citations omitted); *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Because Plaintiff makes no allegations against these named Defendants, the Court will dismiss his claims against them.

Nor may the Court grant relief on Plaintiff's claims for injunctive relief. Plaintiff is no

longer in the custody of the corrections department. A prisoner's claims for injunctive relief under § 1983 concerning conditions of confinement are mooted when the inmate is released from prison. *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997), *cited in Gillette v. New Mexico Parole Board*, 42 F. App'x 210, 212 (10th Cir. 2002). "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (alteration in *Cox* opinion). Under the factors set out in *Green* and *Cox*, the Court will dismiss Plaintiff's claims for injunctive relief.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Williams, Heredia, Nillo, CMS, and Wexford Health Sources, Inc., are DISMISSED with prejudice; and Defendants Williams, Heredia, Nillo, CMS, and Wexford Health Sources, Inc., are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's claims for injunctive relief are DISMISSED with prejudice; and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Bixenman.

                                                                              _____
                                                                               M. CHRISTINA ARMIJO
                                                                               UNITED STATES DISTRICT JUDGE